| George W. Parrott doing business as Hovey Lumber Co. vs. Charles H. Drane et als. | Eq. No. 10791. |

October 22, 1931.

SUMNER, J. The petitioner has brought suit against Charles H. Drane and Lillian C. Drane, his wife, to enforce a mechanic's lien on real estate belonging to the respondents for which petitioner furnished materials. The respondent Industrial Trust Company holds a first mortgage upon the same premises for $3500.

One James A. Pierce is also made a party respondent as the person to whom the premises were conveyed by the respondents Drane subsequent to the time when the lien attached.

The respondents Pierce and the Trust Company admit a lien for part of the amount claimed.

The dispute arises over a payment of $600 to the petitioner, $428 of which the petitioner applied to the payment of another account which it had against the respondents Drane.

The respondents Drane make no contest but the respondent Pierce contests

the lien as regards the $428 on the ground that petitioner had given credit to him, Pierce, for the materials furnished and that, therefore, the payment must have been made upon account of the house involved in the lien.

The respondent Industrial Trust Company, mortgagee, asks that its claim under the mortgage be given precedence over the $428 on the ground that the mortgage was in the nature of a construction loan and the money should have been applied to payment for the materials furnished for this particular house.

The Court at the hearing allowed the full amount of the claim and the only question left undecided was as to the right of the Trust Company to have precedence over the petitioner. The Trust Company claims that under the rule given in the case of *Harris* v. *Gilbert*, 46 R. I. 350, it is entitled to precedence.

The Trust Company on the order of Mrs. Drane, the owner of the property, had given Pierce $1500 on account of the mortgage loan. Pierce turned over the money, including a check for $1000, to Mrs. Drane and told her to pay the Hovey Lumber Company $600. She deposited the check in the bank to her personal account and then gave her check for $600 to the Lumber Company, saying nothing as to its application. The Lumber Company applied part of the money, namely $428, to another account against Mrs. Drane.

The Trust Company had insisted that Pierce be made the contractor before they would make the loan, but Pierce did not order any materials or undertake any contract except for his days' wages. Both he and one Del Santo worked on the job. Orders for materials were charged either to the Dranes or to Del Santo.

Chadwick, who was the salesman for the petitioner, said he knew that the $600 was received from the mortgage loan of the Trust Company but that the Dranes had agreed that if he would furnish the stock for the new house, the old balance would be paid out of the money they received from the Trust Company. Mrs. Drane confirms his testimony in this respect.

The Trust Company gave no explicit directions to Mrs. Drane or Mr. Pierce as to the application of the money and took no steps to see that it was duly applied, either by requiring bills to be shown to it or statements to be made by Mrs. Drane or Mr. Pierce as to the proposed application of the money.

The Court believes that the petitioner acted in good faith under a definite agreement with the Dranes and that the Trust Company did not take proper precautions to protect its payments.

Moreover, it appears that the Trust Company included in the mortgage $100 that Mrs. Drane had borrowed some time before and it does not appear that either Del Santo or Pierce or the Dranes were insolvent or that the Trust Company will be damnified.

The claim of petitioner is allowed in full and the motion of the Trust Company that its mortgage have precedence over the $428 due on another account is denied.

For petitioner: Hinckley, Allen, Tillinghast, Phillips & Wheeler.

For respondent: Huddy & Moulton.